ALVA WILLIAM MAPES, Appellant, v. CITY OF CHEROKEE,
Appellee.

**MUNICIPAL CORPORATIONS:** Negligence — **Want of Knowledge.**
An allegation of negligence on the part of a city in allowing a
child to ride upon a vehicle used by the city must wholly fail when
no officer or employee of the city knew of such act on the part of
the child until a moment before the injury occurred.

Headnote 1:  28 Cyc. p. 1495.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON,
Judge.

FEBRUARY 17, 1925.

ACTION for personal injury to the plaintiff, a minor. Di-
rected verdict for the defendant, and plaintiff appeals.—*Af-
firmed.*

*Claud M. Smith,* for appellant.

*J. F. Loughlin,* for appellee.

ALBERT, J.—At the time in question, one George Rand, a
street commissioner, and Leo Morton, a teamster, having in
charge a team owned by the defendant city, were hauling a load
of gravel for the defendant; and as they passed the Garfield
school building in said city, the plaintiff, about eight years of
age, and a companion, Palmer by name, a younger boy, climbed
upon the rear end of the wagon, and rode about two blocks, at
which point the street commissioner turned, noticed the Palmer
boy on the wagon, and, in substance, directed him to sit down;
and as he turned further, he observed the plaintiff herein, who
was just then falling from the wagon. He immediately called
to the driver to stop the team; but the rear wheel of the wagon
passed over the boy and injured him before the team was
stopped.

The evidence shows without dispute that the city employee

did not know that plaintiff was on the wagon until · he fell therefrom.

The plaintiff, in his petition, states the negligence of the defendant to be in allowing and permitting the plaintiff herein to enter upon said loaded wagon of gravel, and to remain thereon and travel thereon and play thereon while said vehicle was in motion. Some attention is given by argument on behalf of both appellant and appellee herein, to whether or not the employees of the city were engaged in a corporate or governmental function in hauling this gravel on the streets of the city, the same to be used for repairs on some streets of said city; but, as we view this case, a decision of that troublesome question is not necessary to the determination of this appeal.

In this, as in all actions of this character, the basis of the action must be negligence on the part of the city, which must · be alleged and proved. As just stated, all that plaintiff claims in his petition as constituting negligence on the part of the city is that the city's employees permitted the children to climb upon and ride upon the wagon for some two blocks. The evidence, however, shows beyond doubt that neither the street commissioner nor the driver knew that the plaintiff was upon the wagon until it was too late to do anything to prevent the accident. The plaintiff, therefore, for this reason, if for no other, must fail in his action, because the allegations of negligence made by him in his petition are wholly unsupported by the evidence in the case, and the court, therefore, rightfully directed a verdict in favor of the defendant.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.